### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 06-cv-00920-REB-MEH

DIVERSIFIED MARKETING GROUP, INC.,

a Colorado corporation,

Plaintiff,

v.

SCOTT TRICK, an individual,

Defendant.

_____

### TEMPORARY RESTRAINING ORDER
_____

**Blackburn, J.**

On May 26, 2006, I heard the plaintiff's motion for temporary restraining order [#3], filed May 17, 2006.  The parties have completed briefing on the motion, and both the plaintiff and the defendant presented evidence and argument at the hearing.   I grant the motion.

In determining whether a temporary restraining order should issue, I have judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; I have considered the evidence adduced at the hearing; and I have considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and during their oral argument.

I have diversity jurisdiction over this matter under **28 U.S.C. § 1331**.  I have personal jurisdiction over defendant Scott Trick based on the terms of an agreement between Trick and plaintiff Diversified Marketing Group, Inc. (DMG).  The facts in the

record indicate that Trick worked as an independent contractor for DMG, and that some of Trick's work for DMG was performed in Colorado. These facts also support the court's personal jurisdiction over Trick.

Turning next to the propriety of a temporary restraining order, I find and conclude as follows. A temporary restraining order is extraordinary relief. A party seeking a preliminary injunction must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; 4) that the injunction, if issued, would not be adverse to the public interest. ***Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. FED. R. CIV. P. 65(b).

Finally, the plaintiff seeks a temporary restraining order that is mandatory; that directs Trick to act and alter the status quo by giving DMG certain software source code that Trick currently possesses, and that DMG alleges it owns. A party seeking a mandatory temporary restraining order bears the heavier burden of showing that the factors listed above weigh heavily and compellingly in the movant's favor. ***See, e.g., U.S. v. Power Engineering Co.***, 191 F.3d 1224, 1230 (10th Cir. 1999).

I find that all five of the foregoing factors weigh heavily and compellingly in favor of the plaintiff, and thus in favor of the granting of a temporary restraining order. First, DMG has shown a substantial likelihood of success on the merits of its claim for breach of contract. Specifically, DMG has shown that it likely will succeed on its claim that it owns the source code to the Mail Manager software under the terms of the contract between

DMG and Trick, that Trick possesses that source code, that Trick has a valid contractual obligation to deliver the source code and related items to DMG, that Trick has breached this contractual obligation, and that DMG has been and will continue to be injured by Trick's breach.  Second, DMG has demonstrated that it likely will suffer immediate and irreparable injury absent an injunction.  Specifically, DMG has shown that its ability to operate its business is impaired substantially by Trick's refusal to deliver the source code to DMG.  Further, DMG has shown that Trick's refusal is causing and likely will continue to cause a substantial loss of revenue, loss of business reputation, and loss of good will to DMG.  Third, DMG has shown that those threatened injuries outweigh any damage the proposed injunction may cause to Trick.  Fourth, nothing in the record demonstrates that the issuance of an injunction would be adverse to the public interest.  Fifth, as noted above, DMG has demonstrated with specific factual allegations that immediate and irreparable injury will result absent a temporary restraining order.

Finally, FED. R. CIV. P. 65(c), provides that a restraining order shall not issue "except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."  I conclude that a bond in the amount of five thousand dollars is sufficient to protect the defendant's interests should it ultimately be determined that this injunction was granted improvidently.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's motion for temporary restraining order [#3], filed May 17, 2006, **IS GRANTED** on the terms outlined below;

2. That effective forthwith defendant Scott Trick, his agents, servants, employees, attorneys, and any and all persons in active concert or participation with him who receive

actual notice of this order by personal service or otherwise **TEMPORARILY ARE ENJOINED AND RESTRAINED** from continuing Trick's refusal to deliver to DMG the source code for the computer software known as Mail Manager;

3.  That Trick is **ORDERED** to deliver to DMG **FORTHWITH** the Mail Manager software program, including its most current source code and any related documentation (the Software);

4.  That Trick is **ORDERED** to deliver the Software, as defined in paragraph three (3) above, to DMG no later than **Thursday, June 1, 2006, at 5:00 p.m.**

5. That on or before **Thursday, June 1, 2006, at 5:00 p.m.**, the plaintiff **SHALL GIVE SECURITY** in the amount of five thousand dollars for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been enjoined or restrained wrongfully;

6.  That this temporary restraining order **SHALL EXPIRE**, if not sooner modified or dissolved, on June 13, 2006, at 12:00 noon (MDT); and

7. That the court shall hear the plaintiff's motion for preliminary injunction on June 12, 2006, at 1:30 p.m.

Dated May 30, 2006, at 10:45 a.m., at Denver, Colorado.

                                         **BY THE COURT:**

                                         <u>s/ Robert E. Blackburn</u>
                                         **Robert E. Blackburn**
                                         **United States District Judge**